■ GURBUZ TUNCBILEK, Respondent, v JOHN MCGRATH et al., Appellants. — Order, Supreme Court, New York County, entered March 3, 1980, which, *inter alia,* granted defendants leave to examine the nonparty witness Dalhir, unanimously modified, on the law and the facts, without costs or disbursements, to permit the examination also of the nonparty witness Michael Prieto, and, except, as thus modified, affirmed. Defendants adequately demonstrated special circumstances to warrant deposing the operator of the other vehicle involved in the underlying negligence claim which gives rise to this attorney's malpractice action. (See CPLR 3101, subd [a], par [4].) Special Term properly denied the requested relief as to the other nonparty witnesses whose examinations were also sought. Concur — Sullivan, J.P., Markewich, Lupiano, Silverman and Bloom, JJ.

■ In the Matter of BUBBLE SPRING RESTAURANT CORP., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. — Judgment, Supreme Court, New York County, entered on April 14, 1980, unanimously affirmed for the reasons stated by Myers, J., at Special Term, without costs and without disbursements. Concur — Birns, J.P., Sandler, Carro, Silverman and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYDIA MORALES, Appellant. — Judgment of resentence, Supreme Court, New York County, rendered on July 29, 1980, unanimously affirmed. By reason of resentence appellant's appeal from the judgment of said court rendered on April 7, 1978 was vacated and it is from the judgment of resentence only that an appeal lies. No opinion. Concur — Birns, J.P., Sandler, Carro, Silverman and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Appellant. — Judgment, Supreme Court, Bronx County, rendered on June 11, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Kupferman, J.P., Birns, Sullivan, Markewich and Silverman, JJ.